UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HILLCREST INVESTMENTS, LTD., a foreign corporation; and KMI ZEOLITE, INC., a foreign corporation, <br><br>　　　　　　Plaintiffs, <br>　vs. <br><br>NATHAN ROBISON, an individual; ROBISON ENGINEERING COMPANY, INC., a Nevada corporation; R.A.M.M. CORP., a Nevada corporation; AMERICAN BORATE COMP ANY, a California General Partnership; DELTA ENGINEERING, INC., a Nevada Corporation; GALTAR, LLC, a Nevada limited Liability Company; DOE INDIVIDUALS I through X; and ROE CORPORATIONS I through X, inclusive,, <br><br>　　　　　　Defendants. | Case No.: 2:15-cv-01509-GMN-VCF <br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 2) filed by Defendants Robison Engineering Company, Inc. and Nathan Robison (collectively "the Robison Defendants"), and the Motion to Dismiss (ECF No. 8) filed by Defendant Galtar, LLC ("Galtar"). Both motions have been fully briefed.

**I.　BACKGROUND**

This case arises out of real property (the "Amargosa Property") in Nye County, Nevada. (Am. Compl. ¶ 13, ECF No. 1-2). Specifically, as to the Robison Defendants, Plaintiffs allege that the Robison Defendants were contracted to do work at the Amargosa Property, and "[d]espite being paid in full, Robison Engineering did not complete the modification of the mining plan as agreed upon." (*Id.* ¶¶ 17–19). Moreover, Plaintiff alleges that the Robison

Defendants reported false information to the United States Bureau of Land Management ("BLM"), resulting in a trespass notice by the BLM and issued to Plaintiffs. (*Id.* ¶¶ 21–24).

Accordingly, Plaintiffs filed the instant action in state court alleging the following claims against the Robison Defendants: (1) equitable indemnity; (2) intentional misrepresentation; (3) respondeat superior; (4) punitive damages; and (5) breach of contract. (*Id.* ¶¶ 26–51).

## II.  **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the complaint may be considered." *Id*.  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without

converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

#### A. The Robison Defendants' Motion to Dismiss

In the Motion to Dismiss, the Robison Defendants assert that Plaintiffs' claims of intentional misrepresentation, punitive damages, and respondeat superior should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6). (Mot. Dismiss 1:26-2:4, ECF No. 2).

#### 1. Intentional Misrepresentation and Punitive Damages

In the Response, Plaintiffs concede that the facts alleged in the Amended Complaint do not support its claims of intentional misrepresentation and punitive damages. (Response 8:25–9:1, ECF No. 23). Furthermore, punitive damages do not provide an independent cause of action. *See Mitschke v. Gosal Trucking, LDS.*, 2014 WL 5307950, at *4 (D. Nev. Oct. 16, 2014). However, Plaintiffs request leave to amend "to set forth a specific cause of action against the Robison defendants relating to their violation of 18 U.S.C. § 1001, et seq. by

submitting false information to a governmental entity." (*Id.* 9:5–7).  Moreover, Plaintiffs request leave to reassert the claim for punitive damages "should the evidence developed in this action warrant such." (*Id.* 9:1–5).  Accordingly, the Court grants the Robison Defendants' Motion to Dismiss as to these claims.

### 2. Respondeat Superior

The doctrine of respondeat superior provides that employers are vicariously liable for the actions of their employees within the scope of employment.  Respondeat superior is a theory of liability, not a cause of action. *See Mitschke*, 2014 WL 5307950 at *2–3; *Fernandez v. Penske Truck Leasing Co., L.P.*, 2012 WL 1832571, at *1 n.1 (D. Nev. May 18, 2012).  Accordingly, the Court grants the Robison Defendants' Motion to Dismiss as to this claim.

### 3. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that leave to amend Plaintiffs' claims of intentional misrepresentation, punitive damages, and respondeat superior would be futile.  However, the Court will allow Plaintiffs to file a second amended complaint to assert different causes of action based upon the facts alleged in the Amended Complaint, which originally supported the claims of intentional misrepresentation and respondeat superior.  Plaintiffs shall file a second amended complaint within fourteen (14) days of the date of this Order.

### B. Galtar's Motion to Dismiss

Galtar asserts that Plaintiffs' claims against it should be dismissed pursuant to a settlement agreement executed between the parties in August 2014. (Mot. Dismiss 3:4–14, ECF No. 8).  Plaintiffs concede that dismissal of Galtar from this action is appropriate. (Response 3:3–6, ECF No. 24).  Accordingly, the Court dismisses Plaintiffs' claims against Galtar with prejudice.

### IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Robison Defendants' Motion to Dismiss (ECF No. 2) is **GRANTED**.  Accordingly, Plaintiffs' claims of intentional misrepresentation, punitive damages, and respondeat superior against the Robison Defendants are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Galtar's Motion to Dismiss (ECF No. 8) is **GRANTED**.  Accordingly, Galtar is dismissed from this action.

**IT IS FURTHER ORDERED** that Plaintiffs are granted leave to file a second amended complaint to assert different causes of action based upon the facts alleged in the Amended Complaint, which originally supported the claims of intentional misrepresentation and respondeat superior.  Plaintiffs shall file a second amended complaint by **December 8, 2015**.

**DATED** this ___24___ day of November, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge