**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HILLCREST INVESTMENTS, LTD., a foreign corporation; and KMI ZEOLITE, INC., a foreign corporation,  ) ) ) ) | |
| Plaintiffs,  ) | Case No.: 2:15-cv-01509-GMN-VCF |
| vs.  ) ) | **ORDER** |
| NATHAN ROBISON, an individual; ROBISON ENGINEERING COMPANY, INC., a Nevada corporation; R.A.M.M. CORP., a Nevada corporation; AMERICAN BORATE COMPANY, a California General Partnership; DELTA ENGINEERING, INC., a Nevada Corporation; GALTAR, LLC, a Nevada limited Liability Company; DOE INDIVIDUALS I through X; and ROE CORPORATIONS I through X, inclusive,  ) ) ) ) ) ) ) ) ) ) | |
| Defendants.  ) | |

Pending before the Court is the Motion to Reconsider (ECF No. 48) filed by Plaintiffs Hillcrest Investments, Ltd. and KMI Zeolite, Inc. (collectively, "Plaintiffs"). Defendant Galtar, LLC ("Galtar") filed a Response (ECF No. 54), and Plaintiffs filed a Reply (ECF No. 55). On November 24, 2015, the Court entered an Order granting Galtar's Motion to Dismiss (ECF No. 8) and dismissed Plaintiffs' claims against Galtar with prejudice based on a settlement agreement executed between the parties in August 2014. (Order 5:1–5, ECF No. 37).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v.*

*ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  However, a motion for reconsideration is not a mechanism for rearguing issues presented in the original filings, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985), or "advancing theories of the case that could have been presented earlier, *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted).  Thus, Rule 59(e) and 60(b) and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

In its Response to Galtar's Motion to Dismiss, Plaintiffs asserted that "the specific issue of liability pertaining to the BLM trespass does appear to have been resolved [among the parties] in the August 2014 Settlement Agreement." (Response to Galtar's Mot. Dismiss 3:4–6, ECF No. 24).  Now, Plaintiffs contend that, "upon subsequently reviewing the August 2014 Setlement Agreement between the parties, [Plaintiffs' counsel] realized that although the BLM trespass issue was, in fact, resolved as between Galtar and Robert Ford, it was NOT resolved as between Galtar, Hillcrest and KMI." (Mot. Reconsider 7:21–24, ECF No. 48).  However, upon review of the Settlement Agreement attached to Plaintiffs' Motion to Reconsider, it appears that Plaintiffs released Galtar from "all claims, demands, damages, and liabilities of any nature, whether or not related to the properties or transactions that are the subject matter of this lawsuit." (Ex. 2 to Mot. Reconsider ¶ 15(b), ECF No. 48-2).  Thus, the Court finds neither clear error nor manifest injustice in the reasoning of its previous Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Hillcrest Investments, Ltd. and KMI Zeolite, Inc.'s Motion to Reconsider (ECF No. 48) is **DENIED**.

**DATED** this __20__ day of April, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge