UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HILLCREST INVESTMENTS, LTD., a foreign corporation; and KMI ZEOLITE, INC., a foreign corporation,<br><br>  Plaintiffs,<br>vs.<br><br>NATHAN ROBISON, an individual; ROBISON ENGINEERING COMPANY, INC., a Nevada corporation; R.A.M.M. CORP., a Nevada corporation; AMERICAN BORATE COMPANY, a California General Partnership; DELTA ENGINEERING, INC., a Nevada Corporation; GALTAR, LLC, a Nevada limited Liability Company; DOE INDIVIDUALS I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>  Defendants. | Case No.: 2:15-cv-01509-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion for Summary Judgment (ECF No. 42) filed by Defendant R.A.M.M. Corporation ("R.A.M.M."). Additionally pending before the Court is the Motion to Dismiss (ECF No. 45) and Motion for Sanctions (ECF No. 57) filed by American Borate Company ("American Borate"). All of the instant motions have been fully briefed.

**I.   BACKGROUND**

This case arises out of real property (the "Amargosa Property") in Nye County, Nevada. (Second Am. Compl. ("SAC") ¶ 12, ECF No. 38). Specifically, as to R.A.M.M., Plaintiffs Hillcrest Investments, Ltd. and KMI Zeolite, Inc. (collectively, "Plaintiffs") allege that R.A.M.M. was contracted to carry out remediation work on the Amargosa Property in November of 2007. (*Id.* ¶¶ 14–15). Moreover, Plaintiff alleges that the United States Bureau of Land Management ("BLM") was notified that during its remediation efforts, R.A.M.M. had

1  removed dirt from property belonging to the BLM and placed that dirt on the Amargosa
2  Property, resulting in a trespass notice by the BLM and issued to Plaintiffs. (*Id.* ¶¶ 21–24).
3     As to American Borate, Plaintiffs allege that American Borate owned the Amargosa
4  Property prior to the remediation work. (*Id.* ¶ 12). When American Borate sold the Amargosa
5  Property in May of 2006, Plaintiffs allege that American Borate failed to disclose the fact that
6  its operations had routinely trespassed upon property belonging to the BLM. (*Id.* ¶ 13).
7     Accordingly, Plaintiffs filed the instant action in state court alleging an equitable
8  indemnity claim against R.A.M.M. and American Borate. (Am. Compl. ¶¶ 52–56). Plaintiffs
9  assert the same equitable indemnity claim against R.A.M.M. and American Borate in their
10 SAC. (SAC ¶¶ 41–50). Specifically, Plaintiffs allege that, "[b]y reason of [R.A.M.M.]'s
11 conduct in creating an alleged trespass upon BLM property, [R.A.M.M.] exposed Hillcrest and
12 KMI to liability for which they are not responsible," and "Hillcrest and KMI have been
13 damaged in an amount in excess of $10,000.00 and are entitled to equitable indemnity from
14 [R.A.M.M.] in the same amount of any damage Plaintiffs may be found liable for to the BLM."
15 (*Id.* ¶¶ 43–44). Moreover, Plaintiffs allege that "Hillcrest and KMI have been damaged in an
16 amount in excess of $10,000.00 and are entitled to equitable indemnity from [R.A.M.M.] in the
17 same amount of any damage Plaintiffs may be found liable for to the BLM." (*Id.* ¶ 49).
18    R.A.M.M. filed the instant Motion for Summary Judgment asserting, *inter alia*, that
19 Plaintiffs' equitable indemnity claim is not ripe because it is based on damages that are not yet
20 determined. (Mot. Summ. J. 14:11–13, ECF No. 42). Similarly, American Borate filed the
21 instant Motion to Dismiss asserting, *inter alia*, that "Plaintiffs' equitable indemnity claim
22 cannot withstand a Rule 12(b)(6) motion because nowhere in the Plaintiffs' Second Amended
23 Complaint do they identify any damages that they have paid to a third party." (Mot. Dismiss
24 10:20–22, ECF No. 45).
25

## II.     12(b)(1) Motion to Dismiss

### A. Legal Standard

A court must dismiss a plaintiff's claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  Federal Rule of Civil Procedure 12(b)(1) permits a party to assert this defense by motion. *Id.*  Although the defendant is the moving party in a motion brought under rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction and bears the burden of proving that the claim is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

"A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001). When presented as a factual challenge, a rule 12(b)(1) motion can be supported by affidavits or other evidence outside of the pleadings. *United States v. LSL Biotechs.*, 379 F.3d 672, 700 n.14 (9th Cir. 2004) (citing *St. Clair v. City of Chicago*, 880 F.2d 199, 201 (9th Cir. 1989)).

Because ripeness pertains to a federal court's subject matter jurisdiction, it is properly the subject of a rule 12(b)(1) motion to dismiss. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  Subject matter jurisdiction does not exist over claims which are not ripe for adjudication. *Cardenas v. Anzai*, 311 F.3d 929 (9th Cir. 2001).  Accordingly, although R.A.M.M. styles the instant motion as a motion for summary judgment, the Court will construe it as a 12(b)(1) motion to dismiss.

### B. Discussion

"The ripeness doctrine seeks to identify those matters that are premature for judicial review because the injury at issue is speculative, or may never occur." *Protectmarriage.com–*

*Yes on 8 v. Bowen*, 752 F.3d 827, 838 (9th Cir. 2014).  Under Nevada law, "a cause of action for [equitable] indemnity … accrues when payment has been made." *Aetna Cas. and Sur. Co. v. Aztec Plumbing Corp.*, 796 P.2d 227, 229 (Nev. 1990).  It is undisputed that no payment has been made by Plaintiffs based on liability arising from the trespass notice issued by the BLM.  Accordingly, the Court finds that Plaintiffs' equitable indemnity claim against R.A.M.M. and American Borate is not ripe, and Plaintiffs' equitable indemnity claim against R.A.M.M. and American Borate must be dismissed without prejudice.

### III.     Motion for Rule 11 Sanction

#### A. Legal Standard

Rule 11 of the Federal Rules of Civil Procedure provides that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on

any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

### B. Discussion

American Borate argues that Plaintiffs' SAC is frivolous because "existing Nevada law expressly prohibits their equitable indemnity claim." (Mot. Sanctions 16:7–9, ECF No. 57). Although the Court has ruled that Plaintiffs' equitable indemnity claim against American Borate is not yet ripe, the Court does not find that sanctions are warranted on this basis.

Furthermore, American Borate argues that Plaintiffs' equitable indemnity claim is barred by the doctrine of administrative res judicata because "the BLM, as a federal agency, and the IBLA, as an appellate review body of the United States Department of the Interior, both found that (1) Plaintiffs were independently liable for their trespasses onto BLM land in 2008 and (2) there was no evidence that American Borate trespassed onto BLM land before 2008 or at any time." (*Id.* 14:10–21).  However, the threshold inquiry for a court "deciding whether to give preclusive effect to a[n] [] administrative adjudication is to determine whether the [] administrative proceeding was conducted with sufficient safeguards to be equated with a [] court judgment." *Plaine v. McCabe*, 797 F.2d 713, 719 (9th Cir. 1986).  Because the Court has not reached the merits as to whether administrative res judicata applies, the Court finds that sanctions are not warranted on this basis at this time.  Accordingly, the Court denies American Borate's Motion for Sanctions (ECF No. 57).

### IV.　CONCLUSION

**IT IS HEREBY ORDERED** that R.A.M.M.'s Motion for Summary Judgment (ECF No. 42) and American Borate's Motion to Dismiss (ECF No. 45) are **GRANTED**. Accordingly, the Court finds that Plaintiffs' equitable indemnity claims against R.A.M.M. and American Borate are not ripe, Plaintiffs' equitable indemnity claims against R.A.M.M. and

American Borate are dismissed without prejudice, and R.A.M.M. and American Borate are dismissed from this case.

**IT IS FURTHER ORDERED** that American Borate's Motion for Sanctions (ECF No. 57) is **DENIED**.

**DATED** this __20_ day of April, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge