**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

HILLCREST INVESTMENTS, LTD, *et al.*,

    Plaintiffs,

vs.

NATHAN ROBISON, *et al.*,

    Defendants.

Case No. 2:15-cv-01509-GMN-VCF

**ORDER**

    Before the court is Defendants Nathan Robison and Robison Engineering Company, Inc.'s Motion for Good Faith Determination (ECF No. 77). The court held a hearing on August 31, 2016 and heard representations from the parties.

**Motion for Determination of Good Faith Settlement**

    **A.**    **Relevant Facts**

    This case involves a complicated factual history relating to a trespass fine the Bureau of Land Management ("BLM") imposed against Plaintiffs for over $4,000,000 related to a property known as the Amargosa Mill in Nye County, Nevada. Plaintiffs Hillcrest Investments, Ltd. ("Hillcrest") and KMI Zeolite, Inc. ("KMI") allege that for decades before May 2006, Defendant American Borate Company ("ABC") owned about 372 acres of property in Nye County, Nevada, commonly known as the Lathrop Mill or Amargosa Mill, and that during the time ABC owned the property it allegedly operated a mill that produced contaminated tailings and created milling ponds on the property and neighboring property owned by the United States Bureau of Land Management ("BLM"). In about May, 2006, ABC sold the property to Galtar, LLC ("Galtar") allegedly without disclosing the extent of the contamination or that ABC routinely trespassed upon neighboring property owned BLM. Plaintiffs filed the instant action in state court alleging an equitable indemnity claim against R.A.M.M. and American Borate. (Am. Compl. ¶¶ 52–56). On August 6, 2016, Defendants Robison Engineering Company and Nathan Robison removed

the case to this Court under 28 U.S.C. § 1441 because this matter involves a federal question and it is a diversity action which this Court has original jurisdiction under 28 U.S.C. §§ 1331, 1332, 1441, and 1446. (ECF No. 1).

### 1. Relevant Law

Pursuant to Nevada Revised Statute §17.245, "[w]hen a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death: (a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and (b) It discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor."

The court in *The Doctors Co. v. Vincent*, stated that, as evidenced by the ruling in In re MGM Grand Hotel Fire Litigation, "the Nevada Federal District Court embrace[s] the following factors in evaluating good-faith issues under NRS 17.245: [1] [t]he amount paid in settlement, [2] the allocation of the settlement proceeds among plaintiffs, [3] the insurance policy limits of settling defendants, [4] the financial condition of settling defendants, and [5] the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *The Doctors Co. v. Vincent*, 120 Nev. 644, 651-52, 98 P.3d 681, 686 (2004)(quoting *In re MGM Grand Hotel Fire Litigation*, 570 F.Supp. 913, 927 (D.Nev.1983)). The court also stated that these factors are not exhaustive, and that the determination of good faith settlement "should be left to the discretion of the trial court based upon all relevant facts available..." *Id* at 652 (quoting *Velsicol Chemical v. Davidson*, 107 Nev. 356, 360, 811 P.2d 561, 563 (1991)).

### 2. Discussion

In considering the factors outlined above, the Court grants Defendants Nathan Robison and Robison Engineering Company, Inc.'s Motion for Good Faith Determination (ECF No. 77).

No opposition has been filed. This constitutes consent to the granting of the motion under Local Rule 7-2(d), which states that "[t]he failure of an opposing party to file point and authorities in response to any motion shall constitute a consent to the granting of the motion."

The Court has reviewed the instant motion and finds that the proposed settlement satisfies section 17.245's good-faith requirement. The court's finding is predicated on three of the MGM factors. With regard to the first factor, the Robison Defendants proposes a fair compensation amount[1] to both Plaintiffs. (ECF No. 77 at 4). This determination included consideration of the Robison Defendants' pending Motion for Summary Judgment (ECF No. 70), which sought to dismiss all remaining claims. *Id.* The compensation, which is "the prime badge" for determining good faith, *see MGM Grand Hotel Fire Litig.*, 570 F. Supp. at 927, represents a fair and reasonable amount since this proposed settlement amount will help avoid substantial future litigation costs that will be incurred in preparation for trial. *Id.*

With regard to the second factor, the proposed settlement amount appears fair and reasonable under the Robison Defendants' insurance policy limit. (ECF No. 77 at 5). *See MGM Grand Hotel Fire Litig.*, 570 F. Supp. at 927.

Finally, the propose settlement agreement was apparently reached in good faith because collusion, fraud, and other tortious conduct aimed to injure the interests of non-settling defendants is absent. *MGM Grand Hotel Fire Litig.*, 570 F. Supp. at 927. The proposed settlement was reached after substantial discovery and after consideration of the pending Motion for Summary Judgment as well as the costs of litigating this matter through trial. (ECF NO. 77 at 5).

Based on the foregoing and all of the relevant facts surrounding the settlement, the undersigned finds that the settlement was reached in good faith.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Defendants Nathan Robison and Robison Engineering Company,

---

[1] Amount stated in sealed filing (ECF No. 77) and during the sealed portion of the August 31, 2016 hearing (ECF No. 81).

1 | Inc.'s Motion for Good Faith Determination (ECF No. 77) is GRANTED.

2 |         DATED this 2nd day of September, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE